## BYERS *v.* HOCH.

Where land, subject to the lien of a judgment against a former owner, is mortgaged by a subsequent owner, and is then sold upon a judgment obtained after the mortgage, the lien of the mortgage in such case is not a prior lien within the meaning of the act of the 6th April, 1830, and is divested by the sale.

WRIT of error to the Common Pleas of Union.

*July* 23. This was an action of ejectment, in which William Byers was the plaintiff, and Jonathan Hoch was the defendant. The following facts, by the agreement of the parties, were considered in the nature of a special verdict:—

On the 9th of August, 1843, William Glover was the owner in fee of the property in dispute; and on the 30th November, 1843, Hart, Andrews & M'Keever, for the use of Farnum & Co., obtained a judgment against the said William Glover for $404.66 with costs of suit. A *fi. fa.* No. 27, December Term, 1845, was issued on said judgment, and levied on the property in dispute, and the same was condemned. A *ven. ex.* No. 25, February Term, 1846, was issued on the same, by virtue whereof the property in dispute was sold to Daniel Hunsicker, and a deed duly made, acknowledged therefor to him by the sheriff on the 27th February, 1847. The defendant in this suit is in possession under Hunsicker.

At the time of this sale, the property in dispute was subject to the lien of two judgments, one in favour of M. Smith, the other in favour of S. Haupt, which were obtained against John Klapp, while he was owner of the property and before he conveyed to Glover. To these judgments the proceeds of this sale were first applied, leaving the residue to be applied to those liens which were obtained against it in the hands of Glover.

On the 9th of August, 1843, William Glover executed a mortgage to B. F. Chandler, embracing, among others, the property in dispute, and the same by sundry assignments became vested in William Byers, the plaintiff in this suit. This mortgage was recorded in

Union county, on the 16th of August, 1843. Upon this mortgage the plaintiff sued out a *scire facias* to September Term, 1846, which was served on William Glover, and judgment obtained thereon, and *levari facias* issued, under which the premises were sold, the 24th of May, 1847, to William Byers, and a deed therefor executed and acknowledged to him by the sheriff of Union county. Under this title he claims to recover in this suit. Daniel Hunsicker, at the time the property was up for sale under the proceedings on the mortgage, gave notice of his claim and title, and is defending this case.

Upon this state of the facts, the court below (WILSON, President) rendered judgment in favour of the defendant, and that was assigned for error here.

*Swineford*, for the plaintiff.—Does the sale of real property on a judgment subsequent to a mortgage divest the lien of the mortgage, when there are judgments prior to the mortgage, merely because there are such prior judgments? Act of April 6, 1830; Dunlop's Dig. 441. This act does not plainly express the object of the legislature: Green *v.* Thompson, 7 Watts, 419; Berger *v.* Hiester, 6 Wharton, 210. That was to allow no more than the equity of redemption, to be sold on execution against the mortgagee: Kuhn's Appeal, 2 Barr, 265; Presbyterian Corporation *v.* Wallace, 3 Rawle, 131. This case is precisely like Willard *v.* Norris, 2 Rawle, 56, which induced the legislature to change the law and pass the act of 6th April, 1830. A prior mortgage would not have divested the lien of the mortgage to Chandler; but the reason for divesting it in that case is stronger than in the present. A prior mortgage, taking the freehold, leaves only an equity of redemption for the second mortgage—a judgment leaves the freehold to the subsequent mortgage.

Such a construction of the act as is contended for by plaintiff, seems the only just one, because it harmonizes the interests of all, and can do injustice to none. The subsequent judgment-creditor being able to sell nothing more than the equity of redemption remaining in the mortgagee, can of course not affect the interest of the prior judgment-creditor, according to the case of Tower's Appropriation, 9 W. & S. (see opinion of Chief Justice, 104). But, if the construction put upon the act by the court below be correct, then, if a man has half-a-dozen tracts of land, and give a mortgage on one only, a subsequent judgment-creditor may sell that one tract, the prior judgments take all the proceeds, the mortgage get no-

thing, and the remaining tracts may still be sufficient to satisfy all the judgments before and after the mortgage.

*Casey* and *Jordan*, contrà.

The opinion of this court was delivered by

BURNSIDE, J.—Before the passage of the act of the 6th of April, 1830, a series of decisions had settled and established the law in Pennsylvania, that a party purchasing at a judicial sale, fairly made, shall hold the land free, not only from liens on account of the debts of the person as whose estate it is sold; but on account of the debts of the previous owners of the land from whom he derived title: Luce *v.* Snively, 4 Watts, 397. The cases on this subject are arranged in Whart. Dig., tit. *Execution,* letter L.

The act before recited, of 1830, Stroud's Purdon, 428, Pamph. L. 293, provides, that, "from and after the passage of this act, where the lien of a mortgage upon real estate is *or shall be prior to all other liens upon the same property,* except other mortgages, ground rents, and the purchase-money due to the Commonwealth, the lien of such mortgage shall not be destroyed, or in any way affected, by any sale made by virtue or authority of any writ of *venditioni exponas.*"

Prior to the passage of this act, a sale on a younger judgment discharged the lien of a prior mortgage: Willard *v.* Norris, 2 Rawle, 56; M'Grew *v.* M'Lenachan, 1 Pa. Rep. 44. The provision in the statute excepts prior mortgages that are the first lien, or prior to all other liens upon the property sold: Luce *v.* Snively, 4 Watts, 397; Garro *v.* Thompson, 7 Watts, 416.

There were liens against the original owners of the premises, which it is admitted were paid out of the sale. The mortgage was *not the first or prior* lien. The liens created by the judgments against Klapp were prior liens on the property in the hands of Glover. We are all of opinion, it is not a case within the act of 1830, and that the mortgage was divested by the sale.

This disposes of the whole case.

The judgment is affirmed.